**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4005**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

CHARLES MORANI KARGBO,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony J. Trenga, District Judge. (1:10-cr-00177-AJT-1)

Submitted: February 16, 2012   Decided: February 24, 2012

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Brian Donnelly, PRICE, PERKINS, LARKEN & DONNELLY, Virginia Beach, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Jonathan L. Fahey, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Morani Kargbo appeals the district court's judgment following his conviction by a federal jury of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (2006) (Count 1), attempted Hobbs Act robbery in violation of 18 U.S.C. §§ 1951, 2 (2006) (Count 3); and two counts of use and carry of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A), 2 (2006) (Counts 4 and 6).[*] We affirm.

Kargbo contends that his arrest was an unlawful seizure and therefore that the district court erred by not suppressing the statements he made to law enforcement officers at an interview following his arrest. We review the factual findings underlying a district court's ruling on a motion to suppress for clear error and its legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). When evaluating the denial of a suppression motion, we construe the evidence in the light most favorable to the government. Id.

Kargbo was arrested without a warrant. "Police officers can make warrantless arrests as long as they act on the

_____

[*] The jury further found Kargbo guilty of another count of Hobbs Act robbery and use and carry of a firearm during and in relation to a crime of violence, but the district court granted Kargbo's motion for judgment of acquittal as to those two counts.

2

basis of probable cause." United States v. Williams, 10 F.3d 1070, 1073 (4th Cir. 1993). Probable cause sufficient to support such a warrantless arrest is present when the

> facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. The evidence needed to establish probable cause is more than a mere suspicion, rumor, or strong reason to suspect but less than evidence sufficient to convict.

United States v. Williams, 10 F.3d 1070, 1073-74 (4th Cir. 1993) (internal quotation marks and citation omitted).

Such was the case here. Based on an eyewitness identification during one incident and striking similarities with incidents that occurred shortly thereafter, law enforcement had reason to believe that Kargbo had been involved in the commission of a string of both attempted and completed armed robberies at the time of his arrest. His warrantless arrest was supported by probable cause. Thus, we find no merit in Kargbo's argument that his post-arrest statements were "fruit of the poisonous tree."

Kargbo also claims error in the district court's denial of his motion for judgment of acquittal on Counts 3 and 6. We review the denial of such a motion de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy

burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216. Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). We are mindful that "the jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and brackets omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks omitted).

A conspirator's "acts in furtherance of the conspiracy are 'attributable to the others for the purpose of holding them responsible for the substantive offense,' when those acts are reasonably foreseen as a necessary or natural consequence of the unlawful agreement." United States v. Brooks, 524 F.3d 549, 557 n.16 (4th Cir. 2008) (quoting Pinkerton v. United States, 328 U.S. 640, 647 (1946)). "The Pinkerton doctrine makes a person liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in

4

furtherance of the conspiracy." United States v. Ashley, 606 F.3d 135, 142-43 (4th Cir. 2010).

We find that the district court properly upheld the jury's finding of guilt under a Pinkerton theory of conspirator liability. The attempted robbery at issue was within the scope of the conspiracy and reasonably foreseeable to Kargbo given the almost identical robbery of a similar business the previous day. The use of a gun was likewise foreseeable because the conspiracy involved the commission of armed robberies. Thus, we find no error.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED