**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 19-7610

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES MORANI KARGBO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:10-cr-00177-AJT-1; 1:16-cv-00795-AJT)

Submitted: January 8, 2021                           Decided: February 19, 2021

Before GREGORY, Chief Judge, WYNN, Circuit Judge, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Frances H. Pratt, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Morani Kargbo seeks to appeal the district court's order denying relief on his authorized, successive 28 U.S.C. § 2255 motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017).

A jury convicted Kargbo of conspiracy to obstruct interstate commerce by robbery, 18 U.S.C. § 1951 ("Hobbs Act conspiracy"), attempted interference with commerce by robbery, 18 U.S.C. §§ 2, 1951(a) ("attempted Hobbs Act robbery"), and two counts of using, carrying, brandishing or discharging a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c) ("firearms convictions"). The district court ruled that Kargbo's convictions on the two § 924(c) counts merged and that Kargbo would be sentenced only on the firearm charge with attempted Hobbs Act robbery as the predicate offense. The district court sentenced Kargbo to 180 months in prison: 60 months each on the Hobbs Act conspiracy and attempted Hobbs Act robbery counts, to run concurrently, and a consecutive 120 months on the firearm charge. We affirmed the criminal judgment. *United States v. Kargbo*, 467 F. App'x 238 (4th Cir. 2012) (No. 11-4005). The district court denied Kargbo's first § 2255 motion on its merits.

2

In 2016, we granted Kargbo authorization to file a successive § 2255 motion in light of *Johnson v. United States*, 576 U.S. 591, 597, 606 (2015) (holding that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(b), is unconstitutionally vague), and *Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* announced a new substantive rule of constitutional law that is retroactively applicable to cases on collateral review). Kargbo argued that, after *Johnson*, his attempted Hobbs Act robbery conviction no longer qualified as a crime of violence and, therefore, his § 924(c) convictions must be vacated. While Kargbo's motion was pending, the Supreme Court held that the residual clause in § 924(c)(3)(B) is also unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019); *accord United States v. Simms*, 914 F.3d 229, 236-37 (4th Cir.) (en banc) (concluding that § 924(c)(3)(B) is unconstitutionally vague and holding that conspiracy to commit Hobbs Act robbery is not a "crime of violence" sufficient to support a § 924(c) conviction), *cert. denied*, 140 S. Ct. 304 (2019). We later concluded, however, that substantive Hobbs Act robbery still qualifies as a crime of violence under the force clause in § 924(c)(3)(A). *United States v. Mathis*, 932 F.3d 242, 265-66 (4th Cir. 2019). The district court denied Kargbo's motion to vacate his § 924(c) convictions based on our decision in *Mathis*. The court declined to issue a certificate of appealability.

After the district court denied Kargbo's successive § 2255 motion, we held that attempted Hobbs Act robbery is not categorically a crime of violence under § 924(c)'s force clause. *United States v. Taylor*, 979 F.3d 203, 207-10 (4th Cir. 2020). Accordingly, we grant Kargbo a certificate of appealability, reverse the district court's denial of Kargbo's motion to vacate his § 924(c) convictions, vacate the § 924(c) convictions, and

3

remand for resentencing consistent with this opinion. *See id*. at 210. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*